Honorable Jeremiah C. Lynch
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT  59802

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

| | |
|---|---|
| AVISTA CORPORATION, INC., | CAUSE NO. CV 05-201-M-JCL |
| Plaintiffs, | |
| vs. | ORDER, and |
| SANDERS COUNTY, | FINDINGS AND RECOMMENDATIONS |
| BURLINGTON NORTHERN | OF U.S. MAGISTRATE JUDGE |
| AND SANTA FE RAILWAY COMPANY, | |
| DORRIEN H. WOLFE, DIANE LARSON, | |
| LESLIE RICKEY, SEAN M. STEPHENS, | |
| JAMES R. DOYLE, BONNIE M. SHARP, | |
| RONALD GENE SHARP, | |
| RONALD SCOTT SHARP, | |
| and GREGORY STEWART SHARP, | |
| Defendants. | |

_____

This matter comes before the Court on Defendant Burlington Northern and Santa Fe Railway Company's ("BNSF") Motion to Dismiss Plaintiff Avista Corporation, Inc.'s ("Avista") Complaint.  Upon consideration of the briefs and materials of record, the Court hereby enters the following:

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 1

**RECOMMENDATION**

BNSF'S Motion to Dismiss (dk.#15) should be **GRANTED**, and the Complaint should be **DISMISSED without prejudice**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this   5th   day of July, 2006.

                                       /s/ Jeremiah C. Lynch
                                       Jeremiah C. Lynch
                                       United States Magistrate Judge

**RATIONALE**

**I. Background**

Plaintiff Avista Corporation, Inc. ("Avista") is a "Washington-based organization having significant land holdings in the State of Montana." Cmpl. at ¶ 1 (December 27, 2005).  BNSF is a Delaware corporation "and conducts business within the State of Montana." *Id.,* at ¶ 2.  BNSF is also the "successor in

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 2

interest to Northern Pacific Railway Company." *Id.,* at ¶ 16.

On July 2, 1864, the United States Congress granted lands to the Northern Pacific Railway Company ("NPRC") "for the establishment of a railroad...through what is now Sanders County, Montana." Cmpl. at ¶ 9. "On June 17, 1921, the United States of America deeded to Arthur Hampton...what is Government Lot 5 in the Southwest quarter of the Northwest quarter (SW1/4NW1/4) of Section 24, Township 26 North, Range 33 West, M.P.M." *Id.*, at ¶ 10. As it turned out, "[a] portion of the railroad right-of-way granted to the Northern Pacific Railway Company...traversed through the land deed to Arthur Hampton." *Id.*, at ¶ 11.

"On July 13, 1953, the Northern Pacific Railway Company relinquished to the United States of America all portions of the right of way which it had abandoned in the area." *Id.*, at ¶ 13. Subsequently, "[o]n October 1, 1958, the Northern Pacific Railway Company secured a quitclaim deed to Sanders County for the purposes of constructing a public highway. The right of way traversing Government Lot 5...was included in this grant." *Id.*, at ¶ 15. Lastly, on May 12, 2003, BNSF "disclaimed any interest in Government Lot 5...to heirs and assigns of Arthur Hampton." *Id.*, at ¶ 16.

On December 27, 2005, Plaintiff filed suit against BNSF, Sanders County, and other parties with alleged interests in the right-of-way traversing Government Lot 5, seeking to quiet title

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 3

to the right-of-way and recover damages based on the alleged negligence of Sanders County.[1] *Id.*, ¶¶ 18-35.  BNSF now asks this Court to dismiss Avista's Complaint against BNSF with prejudice for failure to state a claim upon which relief can be granted.  BNSF's Brief at 1 (March 17, 2006).  BNSF states it has "no interest, and claims no interest, in the property which is the subject of this litigation. Plaintiff, therefore, has no grounds upon which to name BNSF as a defendant in this case and cannot maintain any claim for relief against BNSF [.]" BNSF's Mot. to Dismiss*,* at 1-2 (March 17, 2006).  Furthermore, BNSF states it would be willing to disclaim any interest in the property yet again. BNSF's Brief at 3:19-21 & BNSF's Reply Brief at 2-3 (April 21, 2006).

While agreeing that a dismissal of the Complaint as against BNSF would be appropriate, Avista opposes BNSF's Motion to Dismiss with prejudice.  Avista states that "due to the action of federal statutes, the actions of Sanders County, as well as the conflicting conveyances, easements and abandonments, it is Avista's contention that some of the conveyances are not valid,

---

[1] Avista alleges Sanders County was negligent when it did not follow Montana law "by disclaiming its interest in the right-of-way traversing Government Lot 5 [.]" Cmpl. at ¶¶ 31-32.  Avista contends that, as a consequence of this, the legal status of the right-of-way among the named Defendants in this suit, including BNSF, is uncertain and further orders from this Court may be required to fully resolve this matter. Avista's Supp. Br. at 3 (June 29, 2006).

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 4

and BNSF, as Northern Pacific's successor, may be required to take action to resolve the matter fully." Avista's Supp. Br. at 3.  For this reason, Avista urges this Court to order a dismissal without prejudice so that it may "retain jurisdiction" over BNSF and ensure that "any orders it issues [against BNSF] can be effectively enforced." *Id.*, at 4.

## II. Dismissal for Failure to State a Claim Under F. R. Civ. P. 12(b)(6)

"A Rule 12(b)(6) dismissal motion can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim." *Holley v. Crank*, 400 F.3d 667, 674 (9th Cir. 2005)(citations and internal quotations omitted). "On a motion to dismiss, the court accepts the facts alleged in the complaint as true." *Balistreri v. Pacifica Police Department,* 901 F.2d 696, 699 (9th Cir. 1990)(citation omitted).  Furthermore, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.,* 901 F.2d at 699 (citation omitted).  Additionally, "the allegations of material facts set forth in the complaint...together with all reasonable inferences therefrom" are to be read "in the light most favorable to the non-moving party [.]" *Associated General Contractors of America v. Metropolitan Water District of Southern California*,

159 F.3d 1178, 1181 (9th Cir. 1998).

Generally speaking, dismissals under F. R. Civ. P. 12(b)(6) "should ordinarily be without prejudice." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003).  This is in part due to the fact that a "Rule 12(b)(6) dismissal with prejudice operates as an adjudication on the merits of the claims under Fed. R. Civ. P 41(b)", thus barring further litigation of the matter. *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1113 (9th Cir. 2003).  However, dismissal with prejudice is appropriate if "it is clear...that the complaint could not be saved by amendment", *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), or if "the court determine[s] that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

### III. Discussion

Both parties agree dismissal under F. R. Civ. P. 12(b)(6) is appropriate, but differ as to whether the dismissal should be with or without prejudice.  Avista does not seek leave to amend its Complaint at this point, but does aver further discovery might reveal facts which would require it to again join BNSF as a party "for final resolution of this matter." Avista's Supp. Br. at 3.  BNSF argues that "[b]ecause Plaintiff could not possibly amend the Complaint to show that BNSF has an interest in the

property at issue, such grant of dismissal under Rule 12(b)(6) must be made with prejudice." Def.'s Brief at 7:19-21.

The primary question in this case is whether the deficiency in the Complaint can possibly be cured by amendment or the "allegation of other facts consistent with the challenged pleading." *Bonanno*, 309 F.2d at 322. BNSF argues this is not possible because "[p]laintiff's naming of BNSF as a Defendant is based on BNSF having an alleged ownership interest in the property that is the subject of this litigation. Because, on the face of the Complaint, it is shown that BNSF has no interest in the property, Plaintiff has failed to state a claim for which relief can be granted and this Motion to Dismiss...should be granted with prejudice." BNSF's Brief at 1:24-2:2.

Construing the allegations in the Complaint in a light most favorable to Avista does seem to imply that BNSF has no interest in the right of way traversing Government Lot 5. For instance, Avista alleges that NPRC "secured a quitclaim deed to Sanders County...[for]...[t]he right of way traversing Government Lot 5". Cmpl. at ¶ 15. Avista then goes on to state that BNSF has "disclaimed any interest in Government Lot 5...to heirs an assigns of Arthur Hampton." *Id.*, at ¶ 16. Finally, Avista states that "[p]ursuant to 43 U.S.C. § 913 (2005)...the Northern Pacific Railway Company conveyed the right-of-way traversing Government Lot 5...to Sanders County for use as a county highway." *Id.,* ¶ 21. If these allegations are taken as true, it strongly implies that, according to the Complaint, BNSF, as the successor in

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 7

interest to NPRC, has no interest in the right of way at issue in this suit.

The only factual assertion to the contrary is an allegation made by Avista that NPRC's relinquishment of its interest in abandoned portions of the right-of-way to the United States of America on July 13, 1953, was not properly reflected on a map attached to the official document which relinquished this interest. *Id.*, at ¶ 13. But as BNSF points out, "to the extent that the 1953 relinquishment may have been ineffective in abandoning Northern Pacific's entire right of-way interest in the property, the 1958 quitclaim deed to Sanders County effected an abandonment of the remainder." BNSF's Brief at 5:26-6:2; *See also* 23 Am. Jur. 2d. *Deeds* § 275 (2005).

Nevertheless, Avista now contends that "some of the conveyances [at issue in this suit] are not valid, and BNSF...may be required to take action to resolve the matter fully." Avista's Supp. Br. at 3. Avista argues NPRC's 1958 conveyance to Sanders County might be void based upon the subsequent actions of Sanders County. *Id.*, at 4. If further discovery reveals the conveyance is void, Avista claims, a decree by this Court, pursuant to 43 U.S.C. § 912, will be required to settle the legal status of the right-of-way traversing Government Lot 5. *Id.*

Since further discovery could possibly provide Avista with a set of facts and a legal theory entitling it to relief, a dismissal with prejudice is not warranted at present. *See Holley*,

400 F.3d at 675 (reversing and remanding a Rule 12(b)(6) dismissal with prejudice when plaintiff presented evidence to the district court which would permit relief under an alternative legal theory).  Although this Court has some difficulty in seeing precisely how Avista can cure the deficiency in its Complaint with the allegation of "other facts consistent with the challenged pleading", *Bonanno*, 309 F.2d at 322, Avista's contentions in its Supplemental Brief raise the possibility that it could do so at a later date.  Accordingly, BNSF's Motion to Dismiss should be granted without prejudice.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 9