FILED
MISSOULA, MT

2006 AUG 7 PM 3 18

PATRICK E. DUFFY
BY _____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| AVISTA CORPORATION, INC., | ) CV 05-201-M-DWM |
| Plaintiffs, | ) |
| vs. | ) ORDER |
| BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, et al., | ) |
| Defendants. | ) |

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Judge Jeremiah C. Lynch entered his Findings and Recommendation (dkt #33) on July 5, 2006. Defendant Burlington Northern and Sante Fe Railway Company ("BNSF") did not object and so the Court will review the Findings based on a clear error standard. Because the Parties are familiar with the factual history of this action the Court will not recount them.

The question before the Court is whether to grant BNSF's motion to dismiss (dkt #15) with or without prejudice. I concur

-1-

with Judge Lynch's recommendation to dismiss without prejudice.

## II.  STANDARD OF REVIEW

Courts of appeal apply de novo review of a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004). Allegations of material fact in the counterclaim are taken as true and construed in a light most favorable to the counterclaimant. *Id.* A district court can properly dismiss the counterclaim only if it appears beyond doubt that the counterclaimant can prove no set of facts in support of the claim that would entitle him to relief. *Id.* "The issue is not whether a [counterclaimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir.2003) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.  ANALYSIS

BNSF filed a motion to dismiss Plaintiff AVISTA Corporation's ("AVISTA") Complaint pursuant to Rule 12(b)(6). The dispute concerns the possibility of BNSF's lingering role in a land conveyance in Sanders County. AVISTA concedes that dismissal is appropriate but argues that it should be dismissal without prejudice in case there is a need in the future to join BNSF "for final resolution of this matter." BNSF states that it

is not possible to amend the complaint in such a manner that would show BNSF has an interest in this lawsuit.

BNSF apparently does not have an interest in the property in question. The 1958 quitclaim deed should have extinguished its interests in the contested right-of-way as well as the rest of the property. AVISTA, however, continues to aver that the conveyances were not valid and in the future it may be discovered that BNSF has a role to play to resolve this dispute. I find it is conceivable that further discovery could supply AVISTA with information that may warrant BNSF's participation in this lawsuit. As other courts in the past have found in similar circumstances, the prudent choice is to dismiss without prejudice. See *Holley v. Crank*, 400 F.3d 667 (9th Cir. 2005).

### IV.  CONCLUSION

Based on the foregoing, I adopt Judge Lynch's Findings and Recommendation in full. Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss (dkt #15) is GRANTED: Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

DATED this 7th day of August, 2006.

Donald W. Molloy, Chief Judge
United States District Court